| *Filer's Name, Address, Phone, Fax, Email:* | | |
|---|---|---|
| ABELMANN ROLLINS LLLC<br><br>W. RICHARD ABELMANN 9158<br>CHRISTOPHER T. ROLLINS 9795<br>677 Ala Moana Blvd. Ste. 1009<br>Honolulu, Hawaii 96813<br>Tel 808.589.1010  Fax 888.797.7471<br>rick@abelmannlaw.com | chris@abelmannlaw.com | <br><br>UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF HAWAII<br>1132 Bishop Street, Suite 250<br>Honolulu, Hawaii 96813 | |
| | | hib_3007-1  (12/09) |

| *Debtor:* SILA AIPOPO LAULU | *Case No.:* **14-01621** |
|---|---|
| *Joint Debtor:*<br>*(if any)* GOGO CHRISTINE LAULU | *Chapter:* **13** |
| **OBJECTION TO CLAIM; NOTICE OF HEARING**<br>**Courtroom – 1132 Bishop Street, Honolulu, Hawaii**<br>[Note: Fed. R. Bankr. P. 3007(b) provides that an objection to claim may not include a demand for relief of the kind specified in Fed. R. Bankr. P. 7001. Such relief must be sought by filing a complaint to commence an adversary proceeding.] | *Hearing Date:* August 27, 2015<br>*Time:*           9:30 a.m.<br><br>*Response due:* August 20, 2015 |

The party below hereby objects under Fed. R. Bankr. P. 3007 to the claim below as follows.

| *Objecting Party* | SILA AIPOPO LAULU AND GOGO CHRISTINE LAULU | | | | |
|---|---|---|---|---|---|
| *Claim No.* | *Claimant Name and Address* | *Amount (as filed by claimant)* | | | |
| 8 | Army & Air Force Exchange Services<br>c/o Bass & Associates, P.C.<br>3936 E. Ft. Lowell Rd., Ste. #200<br>Tucson, AZ 85712 | Secured<br><br>$858.99 | General Unsecured<br><br>$842.50 | Priority Unsecured | Unclassified |

The objecting party asserts the claim should be treated as explained below and in the attached memorandum.
☐ Disallowed in entirety ☒ Reclassified ☐ Amount modified ☐ Other

**NOTICE IS HEREBY GIVEN that a hearing on this objection has been scheduled for the date and time above.**

<u>**Your rights may be affected.**</u>  You should read the objection and any accompanying papers carefully and discuss them with your attorney if you have one in this bankruptcy case or proceeding.  (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to sustain the objection, or if you want the court to consider your views, then you or your attorney must file a statement explaining your position **not later than 7 days before the hearing date**. Responses must be filed with the court at:  **United States Bankruptcy Court, District of Hawaii, Suite 250, Honolulu, HI 96813**, and sent to the objecting party at the address in the upper left corner of this document.

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the deadline stated above.

If you or your attorney do not take these steps, the court may decide that you do not oppose the objection and may cancel the hearing.  If the hearing is canceled, the court may reduce, modify, or eliminate your claim if the objecting party promptly files a declaration and request for entry of an order [local form hib_9021-1].  If the objecting party wishes to proceed with a hearing in the absence of a response, the objecting party should file a request for the matter to remain on calendar [local form hib_9013-1c3].

| MEMORANDUM IN SUPPORT OF OBJECTION |||||
|---|---|---|---|---|
| For the reasons stated below, the claim should be: |||||
| ☐ Disallowed in its entirety. |||||
| ☒ Reclassified/modified in the following amount(s): | | Amount |||
| | | Secured | General Unsecured | Priority Unsecured |
| | | | $1,701.49 | |

*[Explain the grounds for the objection. Attach additional pages, declarations, or exhibits as necessary.]*

1. Army & Air Force Exchange Services (Army & Air Force Exchange) ("Creditor") filed a Proof of Claim on February 11, 2015 ("POC").

2. The POC, although containing Debtors' original application for credit, various receipts of purchase, and a statement, contains nothing that purports to show that Debtors granted Creditor secured status other than a broadly stated sentence in the application that states "You grant us a purchase money security interest in the good purchased on your Account."

3. To the extent Creditor asserts that such a blanket security interest in all goods purchased by Debtors create a purchase money security interest, such an assertion violates the Hawaii Uniform Commercial Code ("UCC"). Under the UCC, a security agreement is enforceable against the debtors and third parties only if the description fits within the grounds enumerated in HRS Section 490:9-108(b). Further, HRS Section 409:9-108(c) explicitly states that "[a] description of collateral as 'all the debtor's assets' or 'all the debtor's personal property' or using words of similar import does not reasonably identify the collateral." Creditor's language embodies what this section is designed to protect against.

4. Under HRS Section 409:9-109(e), "[a] description only by type of collateral defined in this chapter is an insufficient description" of consumer goods. Taken together, these provisions dictate that Creditor's claimed security interest is not valid.

5. The UCC statute on its face does not permit Creditor to assert a security interest. Moreover, case law rejects the broad language attempted by Creditor when asserting a security interest. See In re S. Ill. Rail Car Co., 301 B.R. 305, 309-301 (Bankr. S.D. Ill. 2002). Accordingly, based on the complete lack of description of the collateral, Creditor's claim does not attach to any collateral, and must be deemed unsecured.

WHEREFORE, Debtors pray that the Court:

I. Disallow the POC to the extent it purports to be classify Creditor as a holder of secured claim; and
II. Order such other and further relief as it determines necessary.

Dated: 7/28/2015                                      /s/ W. Richard Abelmann
                                                                    Signature          Print name if original signature